# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2013

Lyle W. Cayce
Clerk

No. 12-10759
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUBEN LERMA-MARTINEZ, also known as Ruben Martinez, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-66-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Without a plea agreement, Ruben Lerma-Martinez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. The district court sentenced Lerma to, *inter alia*, 170 months' imprisonment, which fell in the middle of the applicable advisory Guidelines sentencing range. As he did at sentencing, he contends this sentence was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Lerma does not claim procedural error.

Where, as here, the district court imposes a sentence within a properly calculated advisory Guidelines sentencing range, the sentence is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Lerma attempts to rebut the presumption of reasonableness, asserting the district court failed to give sufficient weight to his "extraordinary family circumstances". He notes in this regard that while he was in custody for the instant offense, his wife died, and further that while his parents are caring for his three young children, his mother also cares for his father, who is disabled, diabetic, and waiting for a liver transplant.

Lerma essentially seeks to have his sentence vacated based on a reweighing on appeal of the 18 U.S.C. § 3553(a) sentencing factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Lerma's disagreeing with the propriety of his within-Guidelines 170-month sentence does not suffice to rebut the presumption of reasonableness that attaches to it. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). This is especially true in this instance because the district court stated it had considered the 18 U.S.C. § 1335(a) factors, *see Alonzo*, 435 F.3d at 554, and gave Lerma "the benefit of the

doubt" in not imposing a sentence at the top of his advisory Guidelines sentencing range.

AFFIRMED.